D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

FARRELL ROBERT MURPHY,

                      Plaintiff,

        -against-

EQUIFAX INFORMATION,
MANUFACTURES & TRADERS TRUST,
ASCENSION SERVICES + 0897 XXXX,
EXPERIAN, CAPITAL RECOVERY
SYSTEMS, and DRS BONDED,

                  Defendants.
----------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**12-CV-6409 (NGG) (VMS)**

NICHOLAS G. GARAUFIS, United States District Judge.

       Pro se Plaintiff brought this action on December 28, 2012. (Compl. (Dkt. 1).)  On

February 19, 2013, the court granted Defendants leave to file motions to dismiss and set a

briefing schedule. (Feb. 19, 2013, Order (Dkt. 7).)  The court granted Plaintiff three extensions

of time to serve his response to Defendants' motion to dismiss, including one extension ordered

sua sponte. (See Apr. 26, 2013, Order (Dkt. 18); June 13, 2013, Order (Dkt. 25); Oct. 11, 2013,

Order (Dkt. 34).)  The court's final extension warned Plaintiff that "[i]f [he] fail[ed] to file a

timely response, the court will deem Defendants' motions unopposed and will decide the

motions solely on the basis of the Complaint and Defendants' moving papers." (Oct. 11, 2013,

Order.)  On August 12, 2013, Defendants Capital Recovery Systems, Ascension Services + 0898

XXXX ("Ascension Services"), Manufactures & Traders Trust ("M&T Bank"), and Equifax

Information filed four separate motions to dismiss with the court. (Dkts. 28, 29, 30, 32.)  To

date, Plaintiff has failed to respond to Defendants' motions.  Therefore the court deems

1

Defendants' motions to dismiss to be unopposed.  For the following reasons the motions are GRANTED.

## I.   BACKGROUND

Plaintiff's Complaint is a partially legible handwritten document that contains very limited facts, and the court lacks the benefit of response papers from Plaintiff from which to elucidate the factual basis for his claims.  In his Complaint, under "Statement of facts," Plaintiff states, "DISPUTING the In-Valadity [sic] of balance amount !!! for reasons of Past 0-ZERO Balance!" (Compl. at 4.)  The Complaint appears to concern an auto loan issued to Plaintiff from Defendant M&T Bank that was allegedly transferred to other financial institutions for collection purposes, including Defendants Ascension Services, DRS Bonded, and Capital Recovery Systems. (Id.)  Plaintiff alleges that:

> Ascension Services . . . OPENED an collection account from M n T Account Number 1000017133282001 on 9/23/2010.  EQUIFAX/Manufactures n Traders Trust Account number 1000017133282001 "transferred" 0-Zero balance to 7,298. Capital Recovery Systems opened an collection account from Experian Credit Reporting Agency on 07/23/2010 [sic throughout].

(Compl. 4-5.)  The court interprets this to mean that Plaintiff disputes the balance due on this loan because the balance was previously listed as zero and then appeared as $7,298 around the time the account was transferred to collection agencies.  Plaintiff lists "[t]he date of each relevant 0-zero BALANCE Event" and attaches what appear to be credit reports[1] that list the balance due on an M&T Bank loan as $0, $7298, $8447, $8562, and $8920 on various dates. (Id. at 4, 6, 8, 13-17.)  Plaintiff has sued M&T Bank, three collection agencies, and two credit report agencies. (Id. at 1, 3.)  As a remedy, Plaintiff seeks $1,500,000 from each Defendant in the form of U.S. Treasury Bills. (Id. at 5.)

---

[1]      The court has considered the materials attached to Plaintiff's Complaint without converting Defendants' motions to dismiss into motions for summary judgment.  See Sira v. Morton, 380 F.3d 57, 66 (2d Cir. 2004).

On August 12, 2013, Defendants Ascension Services, M&T Bank, Equifax Information, and Capital Recovery Systems filed separate motions to dismiss Plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant M&T Bank also moved for dismissal pursuant to Rule 12(b)(1). (See M&T Bank Mem. at 2.)

## II.   STANDARD OF REVIEW

### A.   Motion to Dismiss Pursuant to 12(b)(6)

"To survive a motion to dismiss, a claim must contain sufficient factual matter, accepted as true, to 'state a claim for relief that it plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To determine whether a claim survives, the court must be mindful of two important principles. First, claims that are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" need not be accepted as true. Id. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. A plausible claim must have "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plausibility "is not akin to a probability requirement," but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted).

### B.   Motion to Dismiss Pursuant to 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). A plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002). In deciding a motion under 12(b)(1), the

court must construe all ambiguities and draw all inferences in the plaintiff's favor. Aurecchione v. Schoolman Transp. System, Inc., 426 F.3d 635 (2d Cir. 2005) (citing Makarova, 201 F.3d at 113; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

### III.   DISCUSSION

Because Plaintiff is proceeding pro se, the court reads his complaint "liberally and will interpret [it] to raise the strongest arguments that [it] suggest[s]." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed."). "This policy, however, does not mandate that a Court sustain every pro se complaint even if it is incoherent, rambling, and unreadable." Barsella v. United States, 135 F.R.D. 64, 65 (S.D.N.Y. 1991). A pro se plaintiff is not entitled to shift responsibility for pleading and arguing his case to the court. See Molina v. New York, 956 F. Supp. 257, 259 (E.D.N.Y. 1995) (holding that the court "need not argue a pro se litigant's case nor create a case for the pro se which does not exist."). Therefore Plaintiff must plead adequate facts to satisfy the standards of Federal Rule of Civil Procedure 8, Iqbal, and Twombly.

Reading the Complaint liberally and construing all reasonable inferences in favor of Plaintiff, the court finds that Plaintiff has not adequately pled a factual basis to support a claim for relief. It is difficult to discern from Plaintiff's paltry statement of claim the conduct for which Plaintiff alleges Defendants are liable. Plaintiff provides minimal facts detailing how Defendants' violated his rights. Plaintiff cites no case law. He simply states that certain Defendants opened collections accounts, points to a perceived discrepancy[2] in his credit reports,

---

[2]     The court notes that in the credit reports attached to Plaintiff's Complaint, almost all of the zero balance entries for the M&T Bank loan at issue have the notation "Charged Off Account," "Account charged off" or "charged off as bad debt." (Compl. at 8-11, 16, 21-23, 25-26.) A "charge-off" is an accounting designation for a loan that is deemed uncollectible because it is so far past due. Thomas P. Fitch, Dictionary of Banking Terms 80 (6th ed. 2012). This allows the bank the write off the loan, which may still be transferred to a collection agency for further collection attempts. Id. If the bank transfers the debt to a collection agency, the bank may report the charged-off debt with a zero balance. Thomas R Dominczyk, Credit Reporting Post-Discharge: Am I in Trouble

and demands relief from every financial institution affiliated with his debt. Plaintiff's Complaint falls short of providing fair notice to Defendants as to the allegations against them and the legal basis for those allegations. See Simmons v. Abruzzo, 49 F.3d 83 (2d Cir. 1995) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case"). Accordingly the Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff has also failed to state the ground for the court's jurisdiction over this case. The statute cited by Plaintiff as a basis for jurisdiction, 28 U.S.C. § 1391, pertains to venue, and cannot serve as a grant of jurisdiction. While it is possible Plaintiff may have a claim that arises under federal law—perhaps under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.—due to the dearth of facts in the Complaint, the court also cannot discern whether there is a federal question from the face of the pleading. See Hernandez v. Conriv Realty Assocs., 116 F.3d 35, 38 (2d Cir. 1997) ("Aside from diversity of citizenship jurisdiction, a case may be filed in federal court only if a federal question appears on the face of the plaintiff's well-pleaded complaint.") (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). Therefore the Complaint is also dismissed for lack of subject matter jurisdiction pursuant to 12(b)(1).

---

Now? AM. BANKR. INST. J. 10, 52 (2008) ("So long as the original creditor reports the balance as $0, it is accurate to report the debt as 'charged off,' 'sold' or 'transferred to another lender' . . . ."). The zero balance prevents the debt's negative balance from appearing twice on a credit report by being listed by both the bank and the collection agency. See Harriet Johnson Brackey, How Do I Get Old Debts Off My Credit Report?, The Courant, Jan. 2, 2011, http://articles.courant.com/2011-01-02/business/hc-ls-credit-charge-off-20101003_1_credit-report-cure-for-negative-information-credit-score. The court notes this possible explanation without expressing a view on whether it applies in Plaintiff's specific case.

For the foregoing reasons Defendants' motions to dismiss are GRANTED.  Plaintiff's

Complaint is DISMISSED without prejudice.  The court grants Plaintiff leave to amend the

Complaint.  If Plaintiff intends to pursue this case, by January 30, 2014, he shall file an amended

complaint pleading adequate facts to state a claim and to establish the jurisdiction of this court.

SO ORDERED.

Dated: Brooklyn, New York
       December *11*, 2013

NICHOLAS G. GARAUFIS
United States District Judge